# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DERRICK ARNOLD,                                          Case Nos. 1:20-cv-558, 1:22-cv-485
     Plaintiff,                                        McFarland, J.
                                                         Litkovitz, M.J.
     vs.

PAUL BROWN STADIUM LTD., et al,              **ORDER**
     Defendants.

This matter is before the Court on the parties' joint motion to consolidate *Arnold v. Paul Brown Stadium Ltd.*, Case No. 1:20-cv-558 (S.D. Ohio) with *Arnold v. Aramark American Food Services LLC*, Case No. 1:22-cv-485 (S.D. Ohio) pursuant to Rule 42 of the Federal Rules of Civil Procedure. (Doc. 39). In both lawsuits, plaintiff "seeks to hold Defendants liable for negligence and personal injuries arising out of the same July 29, 2019 accident at Paul Brown Stadium in Cincinnati, Ohio." (Doc. 39 at PAGEID 147). For the reasons that follow, the motion is granted.

## I. Background

On May 14, 2020, plaintiff filed his first complaint against Paul Brown Stadium Ltd., The Santangelo Group, Inc., and Aramark American Food Services, LLC in the Jefferson Circuit Court of Kentucky. *See Arnold v. Paul Brown Stadium Ltd.,* Case No. 1:20-cv-558 (Doc. 1). Defendants removed the civil action to the United States District Court for the Western District of Kentucky, which subsequently transferred the matter to the Southern District of Ohio pursuant to the agreed order to transfer venue. (Docs. 9, 10).

Plaintiff's second complaint was filed against Aramark American Food Services, LLC and related Aramark entities and stems from the same July 29, 2019 incident at Paul Brown Stadium in Cincinnati, Ohio giving rise to the first lawsuit. *See Arnold v. Aramark Am. Food.*

*Servs., LLC*, Case. No. 3:21-cv-554 (W.D. Ky.). On August 19, 2022, the Western District of

Kentucky transferred the matter to the Southern District of Ohio under 28 U.S.C. § 1404(a)

pursuant to the agreed order to transfer venue. *See Arnold v. Aramark Am. Food Servs., LLC*,

Case No. 1:22-cv-485 (S.D. Ohio) (Doc. 10). [1]

## II. Standard of Review

Fed. R. Civ. P. 42(a) authorizes consolidation of actions that involve a common question

of law or fact. The Rule provides:

> If actions before the court involve a common question of law or fact, the court
> may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). The underlying purpose of Rule 42(a) is "to promote economy in the

administration of justice." *Guild Associates, Inc. v. Bio-Energy (Washington), LLC*, 309 F.R.D.

436, 439 (S.D. Ohio 2015) (citations omitted). *See Does No. 1 v. Springboro Cmty. City Sch.

Dist.*, No. 1:19-cv-785, 2022 WL 219368, at *1 (S.D. Ohio Jan. 25, 2022) ("The goal of

consolidation 'is to administer the court's business with expedition and economy while providing

justice to the parties.'") (quoting *Advey v. Celotex, Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992).

Consolidation under Rule 42(a) is a matter within the Court's discretion. *Guild Associates*, 309

---

[1] The parties initially sought to consolidate *Arnold v. Aramark American Food Services, LLC*, Case No. 3:21-cv-554 (W.D. Ky.) with *Arnold v. Paul Brown Stadium Ltd.*, Case No. 1:20-cv-558 (S.D. Ohio). (Doc. 39). Since the filing of the joint motion to consolidate, however, the district court in the Western District of Kentucky granted the parties' joint motion to transfer venue to the Southern District of Ohio in Case No. 3:21-cv-554. (*See* Doc. 41). The case was thereafter transferred to this Court and assigned Case No. 1:22-cv-485. Accordingly, the Court construes the pending motion to consolidate (Doc. 39) as a request to consolidate the instant matter, Case No. 1:20-cv-558, with Case No. 1:22-cv-485.

F.R.D. at 440 (citing *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993)). In determining whether consolidation is appropriate, the Court should consider whether the parties would be prejudiced and whether jury confusion would result. *Id.* (citing *Cantrell*, 999 F.2d at 1011).

## III. Analysis

The Court finds that consolidation of these two cases is appropriate pursuant to Rule 42(a). Both cases involve the same or similar parties, arise out of the same alleged incident, allege identical facts, and present similar issues of comparative negligence. (Doc. 39 at PAGEID 149-50). As stated by the parties in the joint motion to consolidate, "[b]oth actions have been filed against identical defendants and arise out of an accident that occurred on July 29, 2019 at Paul Brown Stadium in Cincinnati, Ohio. Plaintiff in both actions seek[s] to hold Defendants liable for negligence and personal injuries arising out of July 29, 2019 accident." (*Id.* at PAGEID 149). It is apparent from the overlap of factual allegations and claims made in both complaints that consolidating the two actions will avoid duplication of time and expense and serve the interest of judicial economy. *See Asamoah v. Amazon.com Servs., Inc.*, No. 2:20-cv-3305, 2021 WL 3637730, at *6 (S.D. Ohio Aug. 17, 2021) ("Resolving the consolidated cases together will help prevent possible confusion that may result from inconsistent decisions of common factual issues, and it will conserve judicial resources."). Accordingly, the parties' joint motion to consolidate Case No. 1:22-cv-485 with Case No. 1:20-cv-558 (Doc. 39) is **GRANTED**. All future filings shall be made in Case No. 1:20-cv-558, the lower case number.

**IT IS SO ORDERED**.

Date: 12/27/2022

Karen L. Litkovitz
Chief United States Magistrate Judge

3